T.C. Memo. 2006-181


UNITED STATES TAX COURT


BARRY SHRIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  8725-05L.               Filed August 29, 2006.


<u>Cheryl R. Frank</u> and <u>Gerald W. Kelly, Jr.</u>, for petitioner.

<u>Vivian N. Rodriquez</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his discretion in proceeding with collection of petitioner's income tax liabilities relating to 1989 through 2000.

FINDINGS OF FACT

On May 15, 2003, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to 1989 through 2000 (the years in issue). In the notice, respondent determined that petitioner was liable for taxes and additions to tax totaling $130,835 and $41,445, respectively, relating to the years in issue.

On May 27, 2003, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (request), and stated that he did "not have sufficient assets to cover the assessed liabilities." On November 11, 2003, petitioner sent respondent a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. On November 25, 2003, petitioner supplemented his Form 433-A with copies of statements relating to petitioner's checking, credit card, and telephone accounts. Petitioner also attached a copy of a statement relating to a car lease in the name of Leo Shrier, petitioner's father.

On November 25, 2003, respondent conducted a telephone conference with petitioner. During the conference, petitioner requested that his account be placed in "currently not collectible status" because he was unemployed. On February 13, 2004, petitioner's counsel informed respondent that petitioner

was employed and would submit an offer-in-compromise (OIC) relating to his income tax liabilities. While petitioner was unemployed, petitioner's parents made several deposits into his checking account (deposits). In a letter dated February 27, 2004, respondent requested that petitioner provide an "affidavit from * * * [petitioner's] parents as to the amount of money they gave him and * * * cancelled checks corresponding to the deposits." Respondent also asked petitioner to explain the car lease expense.

On March 23, 2004, petitioner submitted to respondent a Form 656, Offer in Compromise, in the amount of $2,000 based on doubt as to collectibility (March OIC). Petitioner attached an updated Form 433-A to the March OIC but did not attach any additional financial documents. In a letter dated November 17, 2004, respondent requested additional financial information. In a second letter, also dated November 17, 2004, respondent requested that petitioner "provide the documents specified on Form 433A * * * [and] an affidavit from * * * [petitioner's] parents as to the amount of money they gave him." Respondent warned petitioner that if the requested documents were not received by December 17, 2004, the March OIC would not be accepted.

On December 17, 2004, petitioner sent respondent an amended OIC in the amount of $2,000 based on doubt as to collectibility

and effective tax administration (December OIC).  Petitioner attached to the December OIC an updated Form 433-A, statements relating to petitioner's checking account, statements relating to an employee profit-sharing plan, and wage statements from his current employer.

In a letter dated March 3, 2005, respondent stated that the December OIC was insufficient because petitioner did not provide the requisite documentation relating to petitioner's ability to pay.  Respondent also informed petitioner that his claimed living expenses (e.g., food, housing, and transportation) were in excess of the allowable amount.  Respondent also asserted that petitioner had not disclosed that he was living with another individual.

On April 15, 2005, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 relating to 1989 and 1991 through 2000.  On May 12, 2005, petitioner, while residing in Aventura, Florida, filed his petition with the Court relating to the years in issue and 2001.  On July 15, 2005, respondent issued petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code relating to 1990.

On March 2, 2006, the Court filed respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable

year 2001.  On March 29, 2006, the Court granted respondent's motion.

OPINION

Petitioner does not dispute the underlying tax liabilities. Where the validity of the liability is not at issue, the Court reviews the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 182 (2000). Respondent's determination will be sustained unless the determination is arbitrary, capricious, clearly unlawful, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner contends that respondent abused his discretion by not accepting the December OIC.  Section 7122[1] authorizes respondent to grant an OIC as an alternative to pursuing a collection action, but petitioner must provide detailed financial statements and supporting documentation.  Sec. 301.7122-1(d)(2), Proced. & Admin. Regs.  Respondent, on numerous occasions, requested supporting documentation from petitioner.  Petitioner, however, failed to provide the requested information.  Indeed, respondent was unable to properly evaluate the December OIC because petitioner did not provide the supporting documentation

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

relating to petitioner's expenses (i.e., housing, food, transportation, and health care) and certain deposits. Accordingly, respondent did not abuse his discretion by not accepting an OIC and proceeding with the proposed collection action. <u>Id.</u>

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.